# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AARON JASON LAROSE, | ) |
|       Petitioner, | ) ) ) |
| v. | )   No. 4:21-cv-928-NAB |
| DAVID VANDERGRIFF, | ) ) ) |
|       Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the following motions filed by petitioner in connection with his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus: Motion for an Evidence [*sic*] Hearing for Petitioner's 2254 and Affidavit in Support (ECF No. 4); Motion for Discovery and Affidavit in Support (ECF No. 5); and Motion for Appointment of Counsel and Affidavit in Support (ECF No. 6).

Petitioner's motion for an evidentiary hearing (ECF No. 4) will be denied. According to Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court should determine whether an evidentiary hearing is warranted after the respondent has filed an answer. In this case, petitioner filed the petition on or about July 19, 2021, and the respondent has not yet had the opportunity to respond. Accordingly, petitioner's motion is premature, and will be denied without prejudice.

Petitioner's motion seeking discovery (ECF No. 5) will also be denied. Parties in habeas proceedings are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). According to Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court may, "for good cause, authorize a party to conduct discovery

under the Federal Rules of Civil Procedure and may limit the extent of discovery." In this case, as noted above, the petition has just been filed and the respondent has not yet had the opportunity to respond, and there is no other basis in the record currently before the Court to determine there is good cause to authorize discovery. Accordingly, the motion will be denied without prejudice.

Petitioner's motion to appoint counsel (ECF No. 6) will also be denied. There is no constitutional right to appointed counsel in a habeas action. *See* 28 U.S.C. § 2254(h); *see also Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (noting that habeas proceedings are civil proceedings in which the Sixth Amendment right to counsel is inapplicable, and that it has never "been held that there is a constitutional right to counsel in a habeas action."). Instead, a court may appoint counsel to represent a financially eligible habeas petitioner if the court determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2254(h). If an evidentiary hearing is warranted, the court must appoint counsel to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. If an evidentiary hearing is unwarranted, the appointment of counsel is discretionary. *Hoggard,* 29 F.3d at 471. In this case, the Court does not find the interests of justice would be served by the appointment of counsel at this time. The Court will therefore deny petitioner's motion without prejudice to a renewal of such request, if appropriate, at a later stage of the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion for an Evidence [*sic*] Hearing for Petitioner's 2254 and Affidavit in Support (ECF No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner's Motion for Discovery and Affidavit in Support (ECF No. 5) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner's Motion for Appointment of Counsel and Affidavit in Support (ECF No. 6) is **DENIED** without prejudice.

                                                                                   _____
                                                                                   NANNETTE A. BAKER
                                                                                   UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of August, 2021.